**EASTBURN and GRAY, P.C.**
Michael J. Savona, Esq.
Attorney ID #78076
Michael E. Peters, Esq.
Attorney ID #314266
60 East Court Street
P.O. Box 1389
Doylestown, PA 18901
Phone:  (215) 345-7000
Fax (215) 345-3528                              *Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PETER SAUERS** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO: 2016-2325** |
| | : | |
| **LOWER SOUTHAMPTON** | : | |
| **TOWNSHIP** | : | |
| | : | |
| **Defendants.** | | |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANT LOWER SOUTHAMPTON
TOWNSHIP TO DISMISS AMENDED COMPLAINT OF PETER SAUERS PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)**

Lower Southampton Township ("Township"), by and through its attorneys, EASTBURN

and GRAY, P.C., Michael J. Savona, Esquire and Michael E. Peters, Esquire, files this brief in

support of its Motion pursuant to Federal Rule of Civil Procedure 12(b) to dismiss the amended

complaint of Plaintiff Peter Sauers ("Sauers"):

**I.      FACTUAL BACKGROUND**

On May 13, 2016, Sauers filed a complaint against the Township.  This Honorable Court

held an initial pretrial conference on June 17, 2016.  After the conference, the Court, by order

dated June 20, 2016, granted Sauers leave to file an amended complaint by July 18, 2016.

Sauers filed an amended complaint on July 15, 2016.

Sauers' amended complaint is, in some respects, less specific than his original complaint. As in his original complaint, upon review of Sauers' amended complaint it appears that Sauers is attempting to challenge a "rezoning" of a property located in Lower Southampton Township, Bucks County, and specifically at 8 Westview Avenue in the Township (the "Property"). Aside from the rezoning, Sauers apparently challenges unspecified action taken by the Township with respect to the zoning or use of the Property. The Property has maintained the same zoning since 2012.

Sauers' amended complaint states that it was filed "pursuant to the Court's Order (Court of Common Pleas) filed April 18, 2016 Defendant's Lower Southampton Township, Motion to Dismiss that was granted." [Amended Complaint, p. 1.]

In the section of his amended complaint titled "Jurisdiction," Sauers states that jurisdiction of this Court was appropriate because "Plaintiff's rights under the [U.S. Constitution] are at issue." [Amended Complaint, p. 4.] The only statutory basis for jurisdiction cited, however, is section 1002-A of the Pennsylvania Municipalities Planning Code, 53 P.S. § 11002-A. [Amended Complaint, p. 12.] Section 1002-A provides that appeals from local land use decisions must be brought in the applicable court of common pleas within 30 days of a land use decision. 53 P.S. § 11002-A.

On August 17, 2015, Sauers filed a similar action with the Court of Common Pleas of Bucks County (the "State Court Action") at Docket No. 2015-05753. The State Court Action raised similar claims with respect to the Township's treatment of the Property's zoning. The State Court Action was dismissed by the April 18, 2016 Order referenced in Sauers' amended complaint, pursuant to preliminary objections filed by the Township.

The challenges raised in Sauers' amended complaint before this Honorable Court do not

raise legal questions within this Court's jurisdiction.  Aside from a series of legal conclusions setting forth various rules of law from zoning cases, Sauers pled the following:

    a.    The Court of Common Pleas of Bucks County dismissed his action with prejudice.  [Amended Complaint, p. 19.]

    b.    Judge Bateman of the Court of Common Pleas was "reassigned".  [Amended Complaint, p. 20.]

    c.    The Property has been "spot zoned".  [Amended Complaint, p. 20.]

    d.    He has suffered "diminution in value and quiet enjoyment" of his home as a result of the "rezoning".  [Amended Complaint, p. 20.]

    e.    The Township failed to comply with the procedural requirements of the MPC.  [Amended Complaint, p. 21.]

Sauers also apparently suggests that there was some form of "unjust enrichment" amounting to over $75,000 as the result of the sale of an unidentified property. [Amended Complaint, p. 6.] Sauers does not allege that the Township purchased or sold the property.  This appears to be an attempt to implicate this Honorable Court's diversity jurisdiction.

    Sauers' amended complaint contains seven (7) counts:

    a.    Count I is titled "Due Process".  However, Sauers merely alleges: "[n]o meeting for just the new intended use of a subject residential property and the comprehensive plan."  [Amended Complaint, p. 23.]

    b.    Count II is titled "Right to Know Law", however Sauers does not state that the Pennsylvania Right-to-Know Law was in any manner violated, and instead pleads "I have been told there is no need for a driveway overstepping their power…"  [Amended Complaint, p. 23.]

c.     Count III is titled "Equal Protection".  Count III contains two (2) paragraphs with largely nonsensical allegations and legal conclusions. Although Sauers alleges that zoning ordinances must be enforced in a reasonable and nondiscriminatory manner, Sauers does not articulate how the Township failed to appropriately apply the Zoning Ordinance, or, for that matter, what specific Township action he is complaining of. [Amended Complaint, p. 24.]

d.     Count IV is titled "Civil Rights".  Sauers alleges that there is a "constitutional civil liberty to freedom allow[ing] you to live your life free of government control", but does not allege that the Township violated his civil rights.

e.     Count V is titled "Preventive Injunction".  Sauers requests that this Honorable Court "go back to the original comprehensive plan, zoning ordinances, [and] use".  [Amended Complaint, p. 25.]  The zoning of the property has not been changed since 2012.

f.     Count VI is titled "Permanent Injunction" and, in essence, seeks the same relief as the "Preventive Injunction" but on a permanent basis.  [Amended Complaint, p. 26.]

g.     Count VII is titled "*Pro Se*", and merely indicates that Sauers seeks the "dispensation generally afforded *pro se* plaintiffs in his position." [Amended Complaint, p. 27.]

Sauers has failed to raise and support with factual allegations a claim within this Honorable Court's jurisdiction or to state a claim upon which relief can be granted.

It appears that Sauers continues to operate under a misunderstanding of this Honorable Court's jurisdiction. While his amended complaint is difficult to decipher it appears to confirm that Sauers was attempting to appeal the April 18, 2016 Order of the Court of Common Pleas of Bucks County before this Honorable Court. Alternatively, it appears that Sauers was attempting to raise a land use appeal before this Honorable Court—either from a rezoning or some other land use decision by the Township. The section titled "Relief" on page 28 of Sauers' amended complaint encapsulates the essence of his claims. Sauers is asking this Honorable Court to:

> …enjoin Defendants from moving forward with the subject development until Defendant, Lower Southampton Township, complies with Pennsylvania state law regarding zoning procedures, complies with the Pennsylvania Statute, the Pennsylvania Constitution and the United States Constitution. To give back the original comprehensive plan, zoning ordinances to be used as attend around my property and the subject property.

[Amended Complaint, p. 28.]

Sauers' amended complaint is not appropriate for this Honorable Court's consideration.

## II.   **MATTER BEFORE THE COURT**

Before this Honorable Court is the Township's Motion pursuant to Federal Rule of Civil Procedure 12(b) to dismiss Sauers' amended complaint. The Township's Motion contains two bases for dismissal: (1) pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and (2) pursuant to Rule 12(b)(6) for failure to state a claim.

## III.   **QUESTIONS PRESENTED**

A.   Should Sauers' amended complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Honorable Court lacks subject matter jurisdiction over the claims raised therein?

Suggested Answer: **Yes.**

B.      Should Sauers' amended complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Sauers has failed to state a claim upon which relief can be granted?

Suggested Answer: **Yes.**

## IV.   ARGUMENT

A.      **Sauer's amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Sauers failed to raise a legal issue within this Honorable Court's subject matter jurisdiction.**

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss on the basis of lack of subject matter jurisdiction.  The bases of this Honorable Court's jurisdiction are enumerated in Title 28, Chapter 85 of the United States Code, 28 U.S.C. § 1330, *et seq.*  In general, Sauers is apparently attempting to implicate this Honorable Court's jurisdiction over "federal questions" pursuant to 28 U.S.C. § 1331.  Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States".  28 U.S.C. § 1331.

Sauers also makes passing reference to an alleged "unjust enrichment" in excess of $75,000.00, an apparent attempt to raise a claim within this Honorable Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Pursuant to section 1332, in order for this Honorable Court to have diversity jurisdiction there must be (1) an amount in controversy in excess of $75,000 and (2) diversity.  28 U.S.C. § 1332.  "Diversity" includes, *inter alia*, citizens of different states.  *Id.*

"Under the well-pleaded complaint rule, a cause of action 'arises under' federal law…only if a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Dukes v. U.S. Healthcare, Inc.* 57 F.3d 350, 353 (3d Cir. 1995); *Gallenthin Realty*

*Development, Inc. v. BP Products of North America*, No. Civ.A.04-4849, 2005 WL 408041 (E.D. Pa. Feb. 18 2005). A private individual's challenge to the exercise by a municipality of its power to enact and enforce local land use ordinances does not, on its own, raise a federal question. *Gallenthin Realty Development, Inc.*, No. Civ.A.04-4849, 2005 WL 408041, at *2. Merely adding the labels "due process" or "equal protection" to the challenge of a local land use decision does not create a federal question. *See Honey Brook Estates v. Honey Brook Twp.*, No. 09-6190, 2012 WL 2076985 (E.D. Pa. June 7, 2012).

Instead, land use appeals must be filed pursuant to the Pennsylvania Municipalities Planning Code, 53 P.S. § 10101, *et seq.* ("MPC"). Under the MPC, "[a]ll appeals from all land use decisions…shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision…" 53 P.S. § 11002-A. Similarly, challenges to the procedural validity of a zoning ordinance amendment / rezoning must be brought within 30 days to the court of common pleas. *See* 42 Pa.C.S. § 5571.1. Challenges to the substantive validity of a zoning ordinance must first be filed either with the zoning hearing board or the local governing body, pursuant to section 916.1 of the MPC, and any decision would be appealable to the court of common pleas within 30 days. *See* 53 P.S. § 10916.1; 53 P.S. § 11002-A.

Therefore, this Honorable Court lacks jurisdiction to consider a land use appeal. *See id.* Further, even if this Honorable Court had jurisdiction to consider a land use appeal the appeal needed to be filed within 30 days either after the zoning amendment was passed (in the case of procedural appeals) or after the decision of the governing body/zoning hearing board (in the case of substantive validity challenges or appeals from other zoning decisions). *See id.*

Although Sauers' makes the bald allegation that his federal constitutional rights are at

issue, he cites the Pennsylvania Municipalities Planning Code as the statutory basis for his claims.  Sauers' attempt to manufacture constitutional claims by baldly alleging that his federal constitutional rights are implicated, is insufficient to confer jurisdiction to this Honorable Court. Reviewing Sauers' amended complaint count-by-count, Sauers has failed to raise a federal question within this Honorable Court's subject matter jurisdiction.

Count I of Sauers' amended complaint apparently alleges that the Township failed to comply with the requirements of the MPC by failing to hold a meeting on an unspecified matter. Sauers does not articulate how the Township violated the MPC or how the violation would amount to a federal question within this Honorable Court's jurisdiction.

Count II of Sauers' amended complaint is a state law claim under the Pennsylvania Right-to-Know Law.  Even in state court, the claim would be inappropriate under the Pennsylvania Right-to-Know Law, the same requiring that a formal request first be filed with the Township and then any desired appeal be filed with the Pennsylvania Office of Open Records. *See* 65 P.S. § 67.1101.  Any appeal from the Office of Open Records would then be filed with the applicable court of common pleas; not this Court.  *See* 65 P.S. § 67.1302.  Furthermore, Sauers fails to articulate how the Right-to-Know Law was violated by the Township.  Instead, Count II contains allegations related to a "driveway", not the Right-to-Know Law.  This Honorable Court lacks jurisdiction to consider a claim under the Pennsylvania Right-to-Know Law.

Counts III and IV contain nonsensical allegations and legal conclusions without articulating how Sauers believes the Township violated his constitutional rights.  Counts III and IV fail to raise any claim, as discussed *infra*, let alone a federal question within this Honorable Court's jurisdiction.

8

Counts V and VI seek injunctive relief. A request for an injunction does not, standing alone, constitute a federal question subject to this Honorable Court's jurisdiction.

Count VII merely indicates that Sauers seeks dispensation as a *pro se* plaintiff, and does not state a claim.

Sauers' filing in federal court seems to be based on a misunderstanding of the matters within this Honorable Court's jurisdiction. It appears that Sauers was attempting to appeal the April 18, 2016 order of the Court of Common Pleas of Bucks County. That appeal, however, needed to be filed with the Commonwealth Court of Pennsylvania. *See* 42 Pa.C.S. § 762. To the extent Sauers desired to file a land use appeal, that appeal needed to be filed with the Court of Common Pleas of Bucks County within 30 days of the action complained of. 53 P.S. § 11002-A.

Nor does this Honorable Court have diversity jurisdiction. First, Sauers does not allege that there is an amount in controversy of over $75,000.00. Instead, Sauers apparently alleges that an unidentified property was sold for over $75,000.00, but does not allege that the Township sold or purchased the property, nor that Sauers had any interest in the alleged transaction.

Furthermore, the Township and Sauers share a state—Pennsylvania. There is no diversity.

Because Sauers failed to raise a federal question within this Honorable Court's jurisdiction, and because this Honorable Court lacks diversity jurisdiction, this Honorable Court lacks subject matter jurisdiction and Sauers' amended should be dismissed.

**B.** **Sauer's amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Sauers failed to state a claim upon which relief can be granted.**

Sauers' amended complaint consists of nonsensical allegations and legal conclusions. Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss on the basis of failure to

state a claim upon which relief can be granted. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaints allegations are true." *Id.*

Here, Counts I trough III, titled "Due Process", "Right to Know Law", and "Equal Protection" appear to be based entirely on the alleged failure of the Township to hold a meeting on an unspecified issue. Sauers fails to articulate how the alleged failure results in a violation of due process, the Pennsylvania Right-to-Know Law, or the equal protection clause. In fact, Sauers fails to identify the subject matter of the meeting or why a meeting was required. Particularly confounding is Sauers' Right-to-Know Law claim, as the allegations contained therein appear to be entirely unrelated to the Right-to-Know Law. Sauers failed to state a claim in Counts I through III.

Count IV of Sauers amended complaint is titled "Civil Rights." Instead of containing allegations sufficient to state a claim, Sauers' amended complaint states the legal proposition that there exists a "constitutional civil liberty allow[ing] you to live your life free of government control". Sauers does not, however, even allege that the Township violated his civil rights, let alone set forth sufficient facts to demonstrate same. Count IV fails to state a claim.

Counts V and VI of Sauers amended complaint seek "preventive" and permanent injunctive relief respectfully. The other claims of Sauers' amended complaint failing to state a claim, Sauers has failed to demonstrate his entitlement to injunctive relief.

Even if Sauers had stated a claim with respect to the other counts of his amended complaint, he has failed to demonstrate his entitlement to the requested injunctions. To establish

entitlement to injunctive relief, an Sauers must establish (1) the relief was necessary to prevent immediate and irreparable harm that could not be compensated by damages; (2) greater injury would occur from refusing the injunction than from granting it; (3) the injunction would restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) the alleged wrong was manifest, and the injunction was reasonably suited to abate it and; (5) the plaintiff's right to relief was clear.  *See Home Line Furniture Indus., Inc. v. Banner Retail Marketing, LLC*, 631 F.Supp.2d 628, 632 (E.D. Pa. 2009).  Sauers failed to even plead the necessary requirements for a temporary injunction, let alone meet his burden to demonstrate an entitlement to an injunction.

Count VII of Sauers' amended complaint did not contain a separate claim.  Instead, as discussed above, Count VI requested special "dispensation" given Sauers' *pro se* status.

It was unclear from Sauers' amended complaint what claims he attempted to raise. Sauers failed to even plead a "formulaic recitation" of the elements of his causes of action, and fell far short of stating a claim upon which relief may be granted, even assuming the allegations of his amended complaint were true. *See Twombly*, 550 U.S. at 545.  Sauers' amended complaint should be dismissed.

## V.   <u>CONCLUSION</u>

Sauers amended complaint should be dismissed.  Sauers has failed to raise a claim within this Honorable Court's jurisdiction.  Further, Sauers has failed to state a claim upon which relief can be granted, instead filing with this Honorable Court an amended complaint that was very difficult to discern and that consisted entirely of nonsensical ramblings and legal conclusions.  It appears that Sauers misunderstands this Honorable Court's jurisdiction and the rules of pleading before this Court.  While the Township continues to sympathize with the difficulties faced by a

*pro se* litigant navigating the state and federal legal systems, Sauers must meet certain minimum requirements in his amended complaint to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  He has failed to do so, and his amended complaint should be dismissed.

Respectfully submitted:

EASTBURN AND GRAY, P.C.

DATED: August 4, 2016

/s/ Michael E. Peters

Michael J. Savona, Esquire
Michael E. Peters, Esquire
*Attorneys for Defendants*