IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER SAUERS,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LOWER SOUTHAMPTON TOWNSHIP,** | : | **No. 16-2325** |
| *Defendant*. | : | |

PRATTER, J.                                                                                                  DECEMBER 13, 2016

## MEMORANDUM

Peter Sauers sued Lower Southampton Township (the "Township") alleging violations of his rights under the United States and Pennsylvania constitutions. The genesis of Mr. Sauers's concerns is a zoning dispute. With the Court's permission, Mr. Sauers filed an Amended Complaint specifically alleging violations (i) of his state and federal constitutional rights to due process (Count 1), (ii) of his federal constitutional right to equal protection (Count 3), (iii) of his civil rights under both the United States and Pennsylvania constitutions (Count 4), and (iv) of Pennsylvania's Right to Know Law (Count 2).[1] Because Mr. Sauers's Amended Complaint fails to state a plausible claim for relief, the Court will grant the Township's Motion to Dismiss.

**I.     ALLEGATIONS IN THE AMENDED COMPLAINT**

Mr. Sauers appears to allege that the Township failed to provide the public with notice and a hearing in connection with the Township's passage of a zoning ordinance. Mr. Sauers has

---

[1]     Counts 5 and 6 of Mr. Sauers's Amended Complaint seek a preliminary and permanent injunction ordering the Township to reverse or otherwise discard the relevant zoning ordinance. Because the Court will dismiss all of Mr. Sauers's substantive claims, the Court will also deny Mr. Sauers's requests for preliminary and permanent injunctive relief. Count 7 of the Amended Complaint states Mr. Sauers is acting *pro se*. Because the Court does not consider Count 7 to be a claim for relief, it is not addressed in this Opinion.

Mr. Sauers's Amended Complaint also purports to bring a federal "takings" claim and an unjust enrichment claim. Although neither claim appears in an enumerated count of the Amended Complaint, the Court will address each of them below.

described the Township's zoning ordinance as unlawful "spot zoning."[2] The zoning ordinance resulted in rezoning from residential use to heavy commercial use a plot of land in close proximity to Mr. Sauers's home. Mr. Sauers contends that the Township is bullying those that oppose the rezoning and that other residents are not willing to come forward to oppose the Township's actions out of fear of retaliation by the Township.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes testing the legal sufficiency of a complaint. Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011).

---

[2]    Spot zoning is the "singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner of that lot or to his economic detriment." *In re Realen Valley Forge Greenes Assocs.*, 838 A.2d 718, 729 (Pa. 2003) (quoting *United Artists' Theater Circuit, Inc. v. City of Phila.*, 635 A.2d 612, 620 (Pa. 1993)).

To decide a Rule 12(b)(6) motion to dismiss, the Court may rely on "the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The Court may also consider documents that are "integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

### III. DISCUSSION

The Township's motion presents two arguments. The Township first argues that this Court does not have subject matter jurisdiction over this action because (i) challenges to a municipality's land use decisions do not raise a federal question, and (ii) Mr. Sauers's allegations of federal constitutional violations are too conclusory to establish federal subject matter jurisdiction. Alternatively, the Township argues that Mr. Sauers has failed to plead facts that could support a plausible claim for relief. Here, construing Mr. Sauers's *pro se* pleadings liberally, the Court determines that the federal claims alleged are not "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court of the United States], or otherwise completely devoid of merit as not to involve a federal controversy." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). Thus, the Court will not dismiss Mr. Sauers's Amended Complaint for want of subject matter jurisdiction and instead will move

on to consider the Township's argument that Mr. Sauers's Amended Complaint fails to state a claim for which this Court can grant relief.

    **A. Federal Claims**

        1. <u>Substantive and Procedural Due Process</u>

In order to make out a substantive due process claim based on a land use decision by a municipality, a plaintiff must show conduct by the municipality that "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003). "[O]nly the most egregious official conduct" will suffice to meet this standard. *Id.* (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *see also Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004) (suggesting corrupt or self-dealing conduct would satisfy this standard). "A land use substantive due process claim must implicate more than just disagreement about conventional zoning or planning rules to pass the 'shock the conscience' test." *Lonzetta Trucking & Excavating Co. v. Schan*, 144 F. App'x 206, 212 (3d Cir. 2005); *see also Eichenlaub*, 385 F.3d at 285 ("[The shocks the conscience test] is designed to avoid converting federal courts into super zoning tribunals."). Here, apart from merely generic allegations of self-dealing and fraud, *see* Am. Compl. pp. 6, 22, Mr. Sauers's Amended Complaint fails to allege any facts to suggest that the Township or any of its employees acted in a way that shocked the conscience.

Mr. Sauers's Amended Complaint also fails to make out a cognizable procedural due process claim. The public record shows that the Township afforded its residents (including Mr. Sauers) with the constitutionally required fair and due process. Specifically, the Township provided the public with notice of its proposed zoning ordinance by publication in a local

newspaper and by then holding public hearings on the proposed zoning ordinance.³  *See Maple Props., Inc. v. Twp. of Upper Providence*, 151 F. App'x 174, 178 (3d Cir. 2005) (determining that due process was satisfied when a township provided notice of a proposed ordinance through local newspapers and held a public meeting concerning the proposed ordinance).  Furthermore, it is clear that the Pennsylvania Municipalities Planning Code affords Mr. Sauers with judicial and administrative opportunities to challenge the Township's zoning decisions.  The Third Circuit Court of Appeals recognizes this Planning Code "as a constitutionally adequate means to protect interests in property."  *Id*.  In fact, here, Mr. Sauers was able to contest the Township's actions in litigation before the Court of Common Pleas of Bucks County.  Mr. Sauers's inability to succeed in state court does not turn his grievance into a procedural due process violation. *See Midnight Sessions, Ltd v. City of Phila.*, 945 F.2d 667, 680 (3d Cir. 1991) ("[W]hen a state affords a full judicial mechanism with which to challenge the administrative decision . . . the state provides adequate due process." (quotation marks and citation omitted)).

---

³    At the Court's direction, counsel for the Township supplied to Mr. Sauers and the Court Lower Southampton Township meeting minutes for the meeting at which the subject zoning ordinance was discussed, and notices published in local newspapers providing the public with notice of the relevant meetings.  The meeting minutes and notice publications, which the Court may consider via principles of judicial notice and as otherwise authorized by the Federal Rules of Civil Procedure, demonstrate that the Township provided residents, including Mr. Sauers, with notice and an opportunity to be heard prior to enacting the zoning ordinance at issue.  *See Berger v. Cushman & Wakefield of Pa., Inc.*, No. 13-5195, 2014 WL 2892408, at *4 (E.D. Pa. June 26, 2014) (explaining that courts can take judicial notice of notices published in newspapers "to show what information was in the public realm" (citing *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)); *Perano v. Twp. of Tilden*, No. 09-754, 2010 WL 1462367, at *1 n.1 (E.D. Pa. Apr. 12, 2010) (considering public meeting minutes of a township's board of supervisors as a public record for the purposes of a motion to dismiss); *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 696 n.3 (S.D.N.Y. 2011) (considering city council meeting minutes as "matters of public record and therefore . . . the types of materials of which a court may take judicial notice").  Accordingly, the Court can properly consider these documents on the pending motion to dismiss without converting the motion into one for summary judgment.  *See Burlington Coat Factory*, 114 F.3d at 1426; *Sands*, 502 F.3d at 268.  The referenced documents are included in an Appendix to this Opinion.

2. Equal Protection Claim

The focus of an equal protection claim in the context of municipal land use decisions is whether "the Township has irrationally distinguished between similarly situated classes." *Cty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 171 (3d Cir. 2006) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 689 (3d Cir. 1980)). Here, Mr. Sauers alleges that the Township sold its zoning ordinances "in a discriminatory manner" and that there were "[n]o meetings for just the new intended use of a [sic] subject residential property and the comprehensive plan." Am. Compl. p. 24. Mr. Sauers simply fails to make out a cognizable equal protection claim because his allegations do not contain any facts at all that could support a finding that the Township "irrationally distinguished between similarly situated classes." *See Cty. Concrete Corp*, 442 F.3d at 171 (quoting *Rogin*, 616 F.2d at 689).

3. Civil Rights Claim

While Count 4 of Mr. Sauers's Amended Complaint asserts a civil rights claim, it is not clear from the Amended Complaint what type of civil rights claim Mr. Sauers is attempting to bring.[4] The Court will construe this claim as a First Amendment retaliation claim pursuant to 28 U.S.C. § 1983 because elsewhere the Amended Complaint alleges: "I feel we are being bullied; many are in fear of the Townships [sic] actions and are not willing to come forward." Am. Compl. p. 22.[5] In order to make out a First Amendment retaliation claim, a plaintiff must demonstrate "(1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation, and (3) that the protected activity caused the retaliation." *Eichenlaub*, 385 F.3d at 282-83. The allegations contained in Mr. Sauers's Amended Complaint fail to make

---

[4] Count 4 (the civil rights claim) alleges only that "constitutional civil liberty to freedom allows [one] to live [one's] life free of government control. Government controlling this for a special interest . . . ." Am. Compl. p. 24.

[5] This allegation does not appear in Count 4 of the Amended Complaint.

out a cognizable First Amendment retaliation claim because the Amended Complaint does not describe the constitutionally protected conduct Mr. Sauers engaged in or the actions taken by the Township in retaliation for Mr. Sauers engaging in constitutionally protected conduct.

        4. <u>Un-enumerated Federal Taking Claim</u>

Mr. Sauers may also be attempting to assert a claim pursuant to the Fifth Amendment's Takings Clause. The Takings Clause claim does not appear in an enumerated count of the Amended Complaint, but is rather referenced elsewhere in the Amended Complaint. *See* Am. Compl. pp. 11-12. To the extent that Mr. Sauers is attempting to bring a Fifth Amendment Takings Clause claim, he has not pled facts that could support such a claim. For example, Mr. Sauers has not pled that the Township took any action with regard to property he owns. Furthermore, even if Mr. Sauers could make out a plausible Takings Clause claim, he has not demonstrated that he has exhausted the procedures provided by Pennsylvania law for seeking compensation for the alleged taking. *See Chainey v. Street*, 523 F.3d 200, 222 (3d Cir. 2008) (holding that a Takings Clause claim was not ripe because the plaintiffs did not exhaust the procedures provided by state law to seek just compensation (citing *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985)).

    **B. State Law Claims**

        1. <u>Pennsylvania Constitutional Claims</u>

Mr. Sauers alleges that the Township's actions violated his due process rights and civil rights as protected by the Pennsylvania Constitution. To the extent Mr. Sauers seeks monetary damages as a result of the alleged violations of the Pennsylvania Constitution, his claims fail because there is no private right of action for damages for violations of the Pennsylvania Constitution. *See Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x

681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." (citing *Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. 2006)). Injunctive relief, however, is an available remedy for violations of the Pennsylvania Constitution. *Id.* at 688. Accordingly, the Court will address Mr. Sauers's requests for a preliminary and permanent injunction, which the Court will presume for purposes of this motion are based, at least in part, on the alleged violations of the Pennsylvania Constitution.

The due process protections afforded by Article 1, Section 1 of the Pennsylvania Constitution are coextensive with the federal due process protections of the Fourteenth Amendment. *See Koresko v. Solis*, No. 09-3152, 2011 WL 5447435, at *8 (E.D. Pa. Nov. 10, 2011) (citing *Pa. Game Comm'n v. Marich*, 666 A.2d 253, 255 n.6 (Pa. 1995)). Because Mr. Sauers has failed to make out a federal due process violation, his Pennsylvania due process claim also fails.

The Court will construe Mr. Sauers's Pennsylvania civil rights claim as a claim pursuant to Article 1, Section 26 of the Pennsylvania Constitution, which provides that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. 1, § 26. Pennsylvania courts analyze Article 1, Section 26 claims using "the same standards applicable to federal equal protection claims." *Kramer v. W.C.A.B. (Rite Aid Corp.)*, 883 A.2d 518, 532 (Pa. 2005). Because Mr. Sauers has failed to make out a federal civil rights violation or a federal equal protection violation, his Pennsylvania civil rights and/or equal protection claim fails as well.

2. Pennsylvania Right-to-Know Law

Mr. Sauers's Right-to-Know Law claim must fail because Pennsylvania law provides that Pennsylvania state courts are the exclusive forum for litigating Right-to-Know Law claims. *Vega v. Miller*, No. 11-7224, 2012 WL 6709642, at *4 n.7 (E.D. Pa. Dec. 27, 2012) (citing *Profitt v. Davis*, 707 F. Supp. 182, 188 (E.D. Pa. 1989)).

3. Un-enumerated Unjust Enrichment Claim

While Mr. Sauers's Amended Complaint appears to allege unjust enrichment simply in order to invoke this Court's diversity jurisdiction, Mr. Sauers represented at oral argument that he intended to include a distinct claim for unjust enrichment.[6]  Mr. Sauers's claim for unjust enrichment is not included in the enumerated counts of the Amended Complaint.

In order to make out an unjust enrichment claim under Pennsylvania law, a plaintiff "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987).  This requires a plaintiff to prove that he or she "conferred a benefit on the defendant." *CMR D.N. Corp. v. City of Phila.*, 829 F. Supp. 2d 290, 306 (E.D. Pa. 2011).  Here, Mr. Sauers fails to plead a cognizable unjust enrichment claim because there is no allegation that Mr. Sauers conferred a benefit on the Township, let alone a benefit that would be unconscionable for the Township to retain.[7]

---

[6]     In his filings in response to the Township's Motion to Dismiss, Mr. Sauers abandoned his attempt to invoke this Court's diversity jurisdiction.

[7]     Throughout his Amended Complaint, Mr. Sauers relies on the doctrine of vested rights to support his allegations.  This doctrine, however, only applies to landowners who incur "significant non-recoverable costs" in reliance on a zoning permit issued in error by a municipality.  *See Cornell Cos., Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 267 (E.D. Pa. 2007); *see also City of Pittsburgh v. Zoning Bd. of Adjustment of City of Pittsburgh*, 559

\*   \*   \*

The Court has already permitted Mr. Sauers to amend his pleadings once. It is clear, however, that there is no set of facts upon which Mr. Sauers could make out a plausible claim for relief with regard to the Township's enactment of the zoning ordinance at issue in this litigation. Accordingly, the Court will dismiss Mr. Sauers's claims with prejudice. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment *unless such an amendment would be inequitable or futile*.") (emphasis added).

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant the Township's Motion to Dismiss.

\*   \*   \*

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

A.2d 896, 901 (Pa. 1989). Because Mr. Sauers is not alleging that the Township took any action with respect to any land he owns, or that he incurred any non-recoverable costs as a result of the Township's actions, the doctrine of vested rights does not apply to the facts as alleged in the Amended Complaint.